**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Brian Garton<br>Samantha Santoro<br>　　　　　Debtors | CHAPTER 13 |
| Nationstar Mortgage LLC<br>　　　　　Movant<br>　vs. | NO. 15-14753 ELF |
| Brian Garton<br>Samantha Santoro<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$13,736.11,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through August 2016 at $2,608.47 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 fees and $176.00 costs) |
| Suspense Balance: | $332.24 |
| **Total Post-Petition Arrears** | **$13,736.11** |

2. Debtors shall cure said arrearages in the following manner;

　　a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$2,608.47**.

　　b). Beginning September 2016 and continuing through February 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$2,608.47** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges being assessed after the 15ᵗʰ of the month), plus an installment payment of **$1,854.60** towards the arrearages on or before the last day of each month at the address below;

Nationstar Mortgage, LLC
Attn: Bankruptcy Department
P.O. Box 619094
Dallas, TX 75261

　　c). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtor's attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  July 25, 2016          By:  /s/ Joshua I. Goldman, Esquire
                                   Joshua I. Goldman, Esquire
                                   Thomas Puleo, Esquire
                                   Attorneys for Movant
                                   KML Law Group, P.C.
                                   Main Number: (215) 627-1322

Date: 8-4-16
                                   Michael Seth Schwartz Esq.
                                   Attorney for Debtors


Approved by the Court this 9th day of August, 2016. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE